**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2223 LOMBARDY WAREHOUSE** | § | |
| **and BROADWAY LINDBERGH, LLC,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | **NO. _____** |
| **MOUNT VERNON FIRE** | § | |
| **INSURANCE COMPANY** | § | |
| **and JAMES GREENHAW,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Mount Vernon Fire Insurance Company, in Cause No. DC-17-11232, pending in the 298th Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, because the proper parties are of diverse citizenship and the amount in controversy requirement is satisfied. In support of this Notice of Removal, Defendant respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1     On August 31, 2017, Plaintiffs, 2223 Lombardy Warehouse, LLC and Broadway Lindbergh, LLC ("Plaintiffs") filed their Original Petition in the matter styled *2223 Lombardy Warehouse, LLC and Broadway Lindbergh, LLC vs. Mount Vernon Fire Insurance Company and James Greenhaw;* Cause No. DC-17-11232, in the 298th Judicial District Court of Dallas

County, Texas, in which Plaintiffs assert that Defendants, Mount Vernon and James Greenhaw conducted an improper investigation of Plaintiffs' claim for damages and wrongfully denied Plaintiffs' claim for damage to its property under separate commercial property insurance policies issued by Defendant Mount Vernon Fire Insurance Company.  In addition, Plaintiffs also assert claims against Defendants under the Texas Deceptive Trade Practices Act and Texas Insurance Code.

1.2     Plaintiffs served Mount Vernon Fire Insurance Company with the citation and Original Petition by certified mail to the Texas Department of Insurance Commissioner on September 25, 2017.  James Greenhaw was personally served with a copy of the citation and Original Petition on September 14, 2017.

1.3     Mount Vernon Fire Insurance Company files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

1.4     All pleadings, process, orders and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

1.5     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents.  A copy of the Dallas District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the case information sheet.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship between the proper parties under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and based on the allegations set forth in Plaintiffs' Original Petition, Plaintiffs, 2223 Lombardy Warehouse, LLC and Broadway Lindbergh, LLC are Texas Companies with their principal places of business in Dallas County, Texas.  *See* Plaintiffs' Original Petition at p.1.

2.3     Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") is an insurance business corporation with its principal place of business in Pennsylvania, and is a citizen of the State of Pennsylvania for diversity purposes.  Accordingly, Defendant Mount Vernon is of diverse citizenship to Plaintiffs, 2223 Lombardy Warehouse, LLC and Broadway Lindbergh, LLC.

2.4     Defendant James Greenhaw ("Greenhaw") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Greenhaw, however, it is Mount Vernon's position that he has been improperly joined in this action and that he is not a proper party.  Therefore, as explained below, the Court should disregard Greenhaw's Texas citizenship for the purposes of evaluating diversity in this matter.

B.     GREENHAW WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.5     Plaintiff's decision to sue Greenhaw in this matter is an abusive tactic aimed solely at manipulating the forum and depriving Mount Vernon of its Constitutionally-created right to have this dispute adjudicated in federal court. The undisputable facts show that Greenhaw timely inspected Plaintiffs' property at Mount Vernon's direction, that he provided an estimate of the damages he observed to Mount Vernon, and that he had no role in determining coverage under the insurance policy or communicating Mount Vernon's coverage position to Plaintiffs.  Plaintiffs' alleged disagreement with the amount of Greenhaw's estimate does not

give rise to a viable claim against Greenhaw under the Insurance Code or any other statute, and Plaintiffs have not plead facts that could demonstrate any reasonable basis for recovery against Greenhaw.  Accordingly, Greenhaw has been improperly joined and the Court should disregard his Texas citizenship, maintain jurisdiction over this matter, and dismiss Greenhaw from this suit.

## 1.    Applicable Standard for Improper Joinders

2.6    The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder.  *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.7    The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  Under the second prong, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.8     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).

2.9     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.   In *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit confirmed that the court must "apply the federal pleading standard embodied in that analysis," when evaluating whether Plaintiff's pleadings state a plausible claim under state law against the non-diverse defendant *Id.* at *8.

2.10    According to the federal pleading standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).   The Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.  *Iqbal*, 556 U.S. at 663.

### 2. The Facts of this Case Demonstrate Plaintiffs Have no Factual or Legal Basis for Recovery Against Greenhaw

2.11    The facts in this case demonstrate that Plaintiffs' representative reported this claim on March 15, 2017, and that Mount Vernon hired the independent adjuster James Greenhaw ("Greenhaw") from the independent adjusting company, Vericlaim, to inspect the property and prepare an estimate for Mount Vernon.  Greenhaw made arrangements to inspect the property on March 22, 2017 – one week after the loss was reported.  During his inspection of the exterior of the property, Greenhaw identified and photographed observed wind damage to the metal parapet wall caps and HVAC cooling coils deflected by hail. Exhibit 6.  Greenhaw inspected and photographed the Plaintiffs' roof, but did not see evidence of hail damage. *Id.* Greenhaw then prepared an estimate for the damages he identified during his inspection and provided the estimate and photos to Mount Vernon. Greenhaw never made any representations to Plaintiffs as to what would be covered under the insurance policy and the facts demonstrate that Plaintiffs' generic allegation that "Greenhaw, without inspecting the property, hired Tolson Engineering to inspect the property and essentially deny the claim" is false.  Original Petition at ¶ 12. Due to Plaintiff's insistence that the roof sustained hail damage, Mount Vernon determined that further evaluation of the property by an engineer was needed before it could make a coverage determination. Accordingly, Mount Vernon retained an independent professional engineer, Tommy Tolson, P.E., to inspect and investigate the scope of storm damage and the cause of the damages.   Exhibit 7.   After receiving the conclusions of the independent

professional engineer, Mount Vernon, not Greenhaw, advised Plaintiffs that certain damages were covered under the policy and that coverage exclusions precluded coverage for the claimed interior damages. Exhibit 8. Mount Vernon further explained in its April 27, 2017 coverage position letter that its decision on coverage was based on the analysis of the independent forensic engineer, and that Greenhaw's role was merely to prepare an estimate of the cost to repair the damages Mount Vernon had determined were covered under the policy after it had consulted with an independent forensic engineer. *Id.* Again, these undisputable facts demonstrate that Plaintiffs' generic allegations that Greenhaw acted in "bad faith and failed to properly inspect the claim" are untrue and that Plaintiffs have no reasonable basis for recovery against Greenhaw. Original Petition at ¶ 23-30.

### 3. The Factual Allegations Contained in Plaintiff's Original Petition Provide No Reasonable Basis to Predict Plaintiff Could Recover Against Greenhaw

2.12 Not only do the facts of this insurance claim, as briefly explained above, demonstrate that Greenhaw did not make any representations about insurance coverage or policy language to Plaintiffs, but Plaintiffs' Original Petition also fails to articulate how the conduct of Greenhaw constitutes a plausible cause of action against him. *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) ("Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against defendant Pritchard"). Plaintiff's generic allegations about the undifferentiated conduct of "Mount Vernon and Mr. Greenhaw" set forth in pages 4 through 6 of Plaintiffs' Original Petition fail to provide any facts capable of stating a plausible claim against Greenhaw under Federal pleading standards. *See* Original Petition attached hereto as Exhibit 2A at pp. 4-6.

2.13    "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).   Accordingly, the Court should give no effect to Plaintiffs' generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Greenhaw and do not support his joinder as a defendant in this case.

2.14    Furthermore, as explained by the court in *Plascencia*, the other allegations against Greenhaw in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief.  *See* generally Exhibit 2A.  Like the generic allegations against Greenhaw set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations in against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4.  The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a

plausible right of relief against the adjuster defendant.  Because the "factual" allegations against Greehnaw in this case are nearly identical and therefore equally vague and conclusory, the Court should also conclude that Greenhaw was improperly joined because Plaintiffs' allegations against him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.15    Plaintiffs' allegations against Greenhaw for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiffs fail to allege that Greenhaw's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiffs' insurance policy with Mount Vernon.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al*., NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Greenhaw, all of which must relate to his inspection and submission of an estimate of storm damage (since that is all Greenhaw did), are not actionable under the

Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[1]

2.16    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property. *Id.* at *1. Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster. *Id.* After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code. *Id.* at *2.

2.17    As Plaintiff has alleged with respect to Greenhaw in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underestimated the damages. *Id.* at p. 7. The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.18    The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either. Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See*, *e.g.*, *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015

---

[1] Attached as Exhibit 4.

WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided Mount Vernon Fire  with an estimation of damages. There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. Allstate Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a

claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.19    These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to independent adjuster's determination of the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.  Accordingly, because Plaintiffs' claims against Greenhaw in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Federal law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Greenhaw has been improperly joined.

2.20    Furthermore, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL

5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA."). Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

2.21    Here, Plaintiffs allege that Greenhaw "knowingly" engaged in a laundry list of unfair claims settlement practices under the Insurance Code and violated the DTPA.[2]  Original Petition ln 29.  These allegations are nothing more than threadbare recitals of statutory language, supported by mere conclusory allegations, and Plaintiffs do not specify when the alleged knowing representations were made, where the representations were made, and in what context they were made.  Plaintiffs' petition fails to state when, where, and how Greenhaw knowingly violated the Texas Insurance Code and knowingly violated the DTPA.  Thus, Plaintiffs do not specify any of the particulars that Rule 9(b) requires.

---

[2]  Under Texas law, a defendant commits a knowing violation of the Insurance Code or DTPA when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice.  *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet. Denied.

2.22    Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiffs needed to join Greenhaw as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiffs against Greenhaw would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.23    For these reasons, it is clear that Greenhaw has been improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case.  Therefore, the court should disregard Greenhaw's Texas citizenship and find that there is diversity of citizenship between the proper parties because Plaintiffs are citizens of Texas and Mount Vernon is a citizen of Pennsylvania.

C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.24    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff' Original Petition in which Plaintiff expressly allege that it "seeks monetary relief over $200,00 but not more than $1,000,000."  *See* Original Petition at page 2.  This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

**III.**
**THE REMOVAL IS PROCEDURALLY CORRECT**

3.1    Defendant, Mount Vernon was first served with Plaintiffs' Original Petition on September 25, 2017.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District under 28 U.S.C. §1446(a) because this District includes the county in which the state action has been pending.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Docket Sheet/Case Summary of the case pending in 298th Judicial District Court of Dallas County, Texas.

4.2A    Attached hereto as Exhibit "2A" is a copy of Plaintiffs' Original Petition with a Request for Disclosure, Interrogatories, Request for Production and Request for Admissions.

4.2B    Attached hereto as Exhibit "2B" is a copy of letter dated September 6, 2017 to Dallas County District Clerk paying for issuance of citation for the Commissioner of Insurance for Mount Vernon Fire Insurance Company.

4.2C    Attached hereto as Exhibit "2C" is a copy of Citation issued to Defendant James Greenhaw.

4.2D    The State of Texas Citation by Certified Mail issued to Defendant Mount Vernon Fire Insurance c/o Commissioner of Insurance, Texas Department of Insurance.

4.2E    Attached hereto as Exhibit "2E" is a copy of an Officer's Return of Service showing James Greenhaw was personally served by Christie David on September 14, 2017.

4.2F    Attached hereto as Exhibit "2F" is a copy of Defendant Mount Vernon Fire Insurance Company's Original Answer.

4.2G    Attached hereto as Exhibit "2G" is a copy of Defendant James Greenhaw's Original Answer to Plaintiffs' Original Petition.

4.3    Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

4.4    Attached hereto as Exhibit "4" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

4.5    Attached hereto as Exhibit "5" is James Greenhaw's Consent to Removal.

4.6    Attached hereto as Exhibit "6" is Greenhaw's inspection photos.

4.7    Attached hereto as Exhibit "7" is the report of findings from engineer Owen T. Tolson III, P.E. dated April 12, 2017.

4.8    Attached hereto as Exhibit "8" is Mount Vernon's letter dated April 27, 2017 explaining its coverage position based on the analysis of Tommy Tolson, P.E.

4.8    Attached hereto as Exhibit "9" is the Certificate of Interested Persons.

## V.
## <u>CONCLUSION</u>

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Mount Vernon Fire Insurance Company hereby removes this case to this court for further proceedings.

Respectfully Submitted,

*/s/Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
Roy Mathews
State Bar No. 24083459

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
Email:  rmathews@thompsoncoe.com

**ATTORNEY FOR DEFENDANT MOUNT VERNON FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of October, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and certified mail, return receipt requested:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
        *Attorney for Plaintiff*

*/s/ Daniel P. Buechler*
Daniel P. Buechler