*Olverel) 9/6/2017*
*9/14/2017*

**ESERVE**

**CITATION**

DC-17-11232

---

2223 LOMBARDY WAREHOUSE, LLC
et al

vs.

MOUNT VERNON FIRE INSURANCE
COMPANY, et al

ISSUED THIS
6th day of September, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
PRESTON J DUGAS
PRESTON@PJDLAWFIRM.COM
OIL & GAL BUILDING
309 W 7TH STREET
SUITE 1100
FORT WORTH TX 76102
817-945-3061

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**JAMES GREENHAW**
**4604 BELT LINE ROAD, SUITE 205,**
**ADDISON, TEXAS 75001**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being 2223 LOMBARDY WAREHOUSE, LLC

Filed in said Court 31st day of August, 2017 against

**JAMES GREENHAW**

For Suit, said suit being numbered **DC-17-11232**, the nature of which demand is as follows:
Suit on CNTR CNSMR COM DEBT etc. as shown on said petition PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Sacheen Anthony_____, Deputy
       SACHEEN ANTHONY

# OFFICER'S RETURN

Case No. : DC-17-11232

Court No. 298th District Court

Style: 2223 LOMBARDY WAREHOUSE, LLC, et al

vs.

MOUNT VERNON FIRE INSURANCE COMPANY, et al

Came to hand on the _____ day of _____ 20_____ at _____ o'clock _____ M. on the _____ day of

within the County of _____ at _____ o'clock _____ M. Executed at

20_____ by delivering to the within named _____ day of

_____,

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation     $ _____

For mileage             $ _____     of _____ County, _____

For Notary              $ _____     By: _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ 20_____

to certify which witness my hand and seal of office.

_____
Notary Public _____ County.

FILED
DALLAS COUNTY
8/31/2017 3:25 PM
FELICIA PITRE
DISTRICT CLERK

Sacheen Anthony

1 CIT CERT MAIL

CAUSE NO. _____ DC-17-11232

| | | |
|---|---|---|
| 2223 LOMBARDY WAREHOUSE, LLC and | § | IN THE DISTRICT COURT |
| BROADWAY LINDBERGH, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| MOUNT VERNON FIRE INSURANCE | § | |
| COMPANY and JAMES GREENHAW | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

2223 LOMBARDY WAREHOUSE, LLC and BROADWAY LINDBERGH, LLC, Plaintiffs herein, files this its Original Petition against Defendants, MOUNT VERNON FIRE INSURANCE COMPANY and JAMES GREENHAW, and, in support of its causes of action, would respectfully show the Court the following:

### I.   PARTIES

1.   Plaintiff, BROADWAY LINDBERGH, LLC, owns the property made the basis of this suit in Dallas County, Texas. Said property is located at: 15375 Addison Rd., Addison, Texas 75001 (the "Property").

2.   Plaintiff, 2223 LOMBARDY WAREHOUSE, LLC, is an insured under the Policy at issue in this lawsuit that covers the Property.

3.   Defendant, MOUNT VERNON FIRE INSURANCE COMPANY ("MVFIC"), is a foreign entity eligible to engage in the insurance business in the State of Texas, and may be served by serving the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701; who shall then serve the President or leaving a true and current copy during business hours at 1190 Devon Park Drive, Wayne, PA 19087-8700. Service is requested by certified mail, return receipt requested at this time for both citations to the commissioner of Insurance and MVFIC.

4.   Defendant, JAMES GREENHAW ("Greenhaw") is a licensed adjuster in the State of

Texas who at all times material hereto inspected the Property and acted on behalf of MVFIC as its adjuster on Plaintiffs' claims. Mr. Greenhaw may be personally served with process by serving him at 4004 Belt Line Road, Suite 205, Addison, Texas 75001.

## II.   DISCOVERY

5.      Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

## III.   CLAIM FOR RELIEF

6.      Plaintiffs do not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, it makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiffs believe that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief in excess of $200,000 but not to exceed $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiffs to select a speculative, arbitrary cap on its damages. Plaintiffs reserve the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled. Regardless of what Plaintiffs must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV.   JURISDICTION AND VENUE

7.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

8.      Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.   FACTUAL BACKGROUND

9.      Plaintiffs are named insureds under a property insurance policy issued by MVFIC.

2

10.     On or about March 23, 2016, a wind/hail storm hit Dallas County, Texas, damaging Plaintiffs' Property. Plaintiffs subsequently filed a claim under their insurance policy.

11.     In response, MVFIC assigned adjuster James Greenhaw ("Mr. Greenhaw") to Plaintiff's claim.

12.     Upon information and belief, Mr. Greenhaw, without inspecting the property, hired Tolson Engineering Services to inspect the property and essentially deny the claim.

13.     On or about March 23, 2017, Owen Tolson III with Tolson Engineering visited the property and inspected the roof. In Mr. Tolson's report he states that "hail did strike the roof causing some dents to form on the aluminum vent caps, HVAC coils, and parapet cap. In addition hail caused one dent to form on the north parapet U-panel inerior wall." However, Mr. Tolson would not go as far to say that the roof sustained functional or structural damage.

14.     Based on Mr. Tolson's outcome oriented inspection and opinions, Mr. Greenhaw wrote an estimate of damages that fell below Plaintiff's deductible.

15.     MVFIC therefore improperly denied Plaintiffs' roof claim and underpaid claims related to the damage MVFIC did admit to be caused by a covered peril.

16.     The named MVFIC and Mr. Greenhaw assigned to the claims, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

17.     The named MVFIC's and Mr. Greenhaw's unreasonable investigation led to the underpayment and denail of Plaintiffs' claim.

18.     Moreover, MVFIC and Mr. Greenhaw performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

## VI.    CAUSES OF ACTION

19.     Each of the foregoing paragraphs is incorporated by reference in the following:

3

A.     **Breach of Contract (Defendant MVFIC)**

20.     Defendant had a contract of insurance with Plaintiffs.  Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

B.     **Prompt Payment of Claims Statute (Defendant MVFIC)**

21.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

22.     Plaintiffs, therefore, in addition to Plaintiffs' claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

C.     **Bad Faith/DTPA (All Defendants)**

23.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

24.     Defendants violated § 541.051 of the Texas Insurance Code by:

     (1)     making statements misrepresenting the terms and/or benefits of the policy.

25.     Defendants violated § 541.060 by:

     (1)     misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

     (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

     (3)     failing to promptly provide Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

     (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

     (5)     refusing to pay the claim without conducting a reasonable investigation with

4

respect to the claim;

26.    Defendants violated § 541.061 by:

 (1)    making an untrue statement of material fact;

 (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

 (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

 (4)    making a material misstatement of law; and

 (5)    failing to disclose a matter required by law to be disclosed.

27.    At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from MVFIC.

28.    MVFIC has violated the Texas Deceptive Trade Practices Act in the following respects:

 (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

 (2)    Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

 (3)    Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of

Chapter 541 of the Insurance Code.

29.     Defendants knowingly committed the acts complained of.  As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Breach of The Duty of Good Faith and Fair Dealing (All Defendants)**

30.     Defendants breached the common law duty of good faith and fair dealing owed to Plaintiffs by failing to properly inspect the claim, denying portions of the claim that are clearly covered in the policy, underpaying claims related to a covered peril and delaying payment on the Claim when Defendants knew or should have known liability was reasonably clear. Defendants are therefore liable to Plaintiffs.

**E.     Attorneys' Fees**

31.     Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

**VII.     CONDITIONS PRECEDENT**

34.     All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

**VIII.     DEMAND FOR JURY**

34.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request

a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.   DISCOVERY REQUESTS

35.   Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

36.   MVFIC is also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, it recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

PRESTON DUGAS LAW FIRM, PLLC
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/ *Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

ATTORNEY FOR PLAINTIFFS

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiffs in the above-styled and numbered cause, and requests that

7

Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorneys of record, Preston J. Dugas III, Preston Dugas Law Firm, PLLC; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Preston Dugas Law Firm, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.    You know the response made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

1.    Identify the document's title and general subject matter;
2.    State its date;
3.    Identify all persons who participated in its preparation;
4.    Identify the persons for whom it was prepared or to whom it was sent;
5.    State the nature of the privilege claimed; and
6.    State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log,

desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1.    His or her name;
2.    His or her last known business and residence address and telephone number; and
3.    His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

J.    "Lawsuit" means this lawsuit.

Respectfully submitted,

PRESTON DUGAS LAW FIRM, PLLC
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:    (817) 945-3061
Facsimile:    (682) 219-0761
Email: preston@pjdlawfirm.com

By: /s/ Preston J. Dugas III
PRESTON J. DUGAS III
State Bar No. 24050189

ATTORNEY FOR PLAINTIFF

9

## INTERROGATORIES TO DEFENDANT

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

### REQUESTS FOR PRODUCTION TO DEFENDANT

1.  The following insurance documents issued for the Property as identified in the Petition:

    a.  the policy at issue for the March 2016 wind/hail storm as identified in the Petition; and

    b.  the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent

Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.   All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.   All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.   All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of these types of claims, i.e., hail property damage.

RESPONSE:

7.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims occurring in the county of suit on or about the March 2016 claimed by Plaintiff.

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15.   The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**      Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**      Admit you committed common law bad faith in adjusting Plaintiff's claim.
RESPONSE:

13

**REQUEST FOR ADMISSION NO. 3.**    Admit you breached the insurance agreement by failing to pay the full amount owed there under.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4.**    Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5.**    Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

**RESPONSE:**

                                  Respectfully submitted,

                                  **PRESTON DUGAS LAW FIRM, PLLC**
                                  Oil & Gas Building
                                  309 W. 7th Street, Suite 1100
                                  Fort Worth, Texas 76102
                                  Telephone:    (817) 945-3061
                                  Facsimile:    (682) 219-0761
                                  Email: preston@pjdlawfirm.com

                                  By: /s/ *Preston J. Dugas III*
                                      PRESTON J. DUGAS III
                                      State Bar No. 24050189

                                  **ATTORNEY FOR PLAINTIFF**