IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 2223 LOMBARDY WAREHOUSE, LLC AND BROADWAY LINDBERGH, LLC<br>　　*Plaintiffs,*<br><br>VS.<br><br>MOUNT VERNON FIRE INSURANCE COMPANY AND JAMES GREENHAW<br>　　*Defendants.* | § § § § § § § § § § § | CIVIL ACTION<br>NO. 3:17-cv-02795-D |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, 2223 LOMBARDY WAREHOUSE, LLC and BROADWAY LINDBERGH, LLC, files this First Amended Complaint against Defendants, MOUNT VERNON FIRE INSURANCE COMPANY and JAMES GREENHAW, and, in support of its causes of action, would respectfully show the Court the following:

### I.   PARTIES

1.   Plaintiff, **BROADWAY LINDBERGH, LLC**, owns the property made the basis of this suit in Dallas County, Texas. Said property is located at: <u>15375 Addison Rd., Addison, Texas 75001 (the "Property")</u>.

2.   Plaintiff, **2223 LOMBARDY WAREHOUSE, LLC**, is an insured under the Policy at issue in this lawsuit that covers the Property.

3. Defendant, **MOUNT VERNON FIRE INSURANCE COMPANY** ("MVFIC"), is a foreign entity authorized to engage in the insurance business in the State of Texas and was in fact engaged in the insurance business in the State of Texas during all times relevant hereto. Defendant was properly served with citation, filed an answer thereto and has removed this case to this Court.

4. Defendant, **JAMES GREENHAW** ("Greenhaw") is a licensed adjuster in the State of Texas who at all times material hereto inspected the Property and acted on behalf of MVFIC as its adjuster on Plaintiffs' claims. Mr. Greenhaw was also properly served with citation, he filed and answer and joined MVFIC in the removal of this lawsuit.

## II.   JURISDICTION AND VENUE

5. This Honorable Court has personal jurisdiction over MVFIC, because at all times relevant hereto it acted as an insurance company doing business in the State of Texas and Plaintiff's causes of action arise out of Defendant's in-state business activities.

6. This Honorable Court has personal jurisdiction over James Greenhaw, because at all times relevant hereto he was a resident of the State of Texas, handled Plaintiff's insurance claim in the State of Texas on behalf of MVFIC and Plaintiff's causes of action against Mr. Greenhaw arise out of his actions.

7. Venue is proper in the Northern District of Texas, because the property at issue is located in this district, the loss occurred in this district, and the claims asserted herein arose from one or more acts and/or omissions that occurred in this district.

### III.  FACTUAL BACKGROUND

8. Plaintiffs are named insureds under a property insurance policy issued by MVFIC ("Policy").

9. On or about March 23, 2016, a wind and hail storm hit Dallas County, Texas, damaging Plaintiffs' Property. Plaintiffs subsequently filed a claim under the Policy.

10. In response, MVFIC assigned adjuster James Greenhaw ("Mr. Greenhaw") to Plaintiffs' claim.

11. Upon information and belief, Mr. Greenhaw, without inspecting the property, hired Tolson Engineering Services to inspect the property and essentially deny the claim.

12. On or about March 23, 2017, Owen Tolson III with Tolson Engineering visited the property and inspected the roof. In Mr. Tolson's report he states that "hail did strike the roof causing some dents to form on the aluminum vent caps, HVAC coils, and parapet cap. In addition, hail caused one dent to form on the north parapet U-panel interior wall." However, Mr. Tolson would not go as far to say that the roof sustained functional or structural damage.

13. On March 22, 2017, Mr. Greenhaw wrote an estimate of damages that fell below Plaintiff's deductible based solely on Mr. Tolson's outcome-oriented inspection and opinions.

14. Mr. Greenhaw also wrote a second estimate of damages that included removal and installation of 47.60 Squares of modified bitumen roofing material.

15. Mr. Greenhaw misrepresented to Plaintiffs in both estimates of damage that the

"estimated scope of damages and prices contained in this [estimate] are based upon the actual damages viewed by . . .[Mr. Greenhaw] at the time of the inspection of this loss."

16. Upon information and belief, Mr. Greenhaw failed to conduct his own independent investigation of the property and claim. Mr. Greenhaw simply never inspected the property himself. He simply relied upon the information given to him from Mr. Tolson and Robert Burnley, an employee of Ecotech Roofing & Construction.

17. It is unclear from the records, what role Mr. Burnley played in Plaintiff's claim other than being present for part of Mr. Tolson's inspection. Plaintiff believes that Mr. Burnley was hired by Mr. Greenhaw to inspect and take pictures for Mr. Greenhaw. Mr. Burnley is not a licensed insurance adjuster.

18. Based on Mr. Greenhaw's: (1) failure to inspect the property, (2) first estimate of damages that significantly undervalued the damages MVFIC admitted were covered under the Policy, and (3) hiring of Mr. Burnley, and the fact that MVFIC failed to acknowledge Mr. Greenhaw's second estimate as though it never existed, it is evident that Mr. Greenhaw was not properly trained as an adjuster and lacks the capability of properly handling a commercial wind and hail claim.

19. On April 27, 2017, MVFIC sent its Denial Letter to Plaintiffs in which it misrepresented to Plaintiffs that the roof in question did not sustain hail damage when there are photographs to the contrary. MVFIC also misrepresented to Plaintiffs that a "2 ½ inch diameter puncture found at the west end of the roof membrane was not cause by hail or windborne debris." However, MVFIC did admit in the Denial Letter that "[h]ail damage was

observed to soft metals and appurtenances."

20. MVFIC failed to state in its Denial Letter why Plaintiffs were not entitled to the damages set forth in Mr. Greenhaw's estimate wherein he provides damages for, among other things, removal and replacement of 46.70 Squares of modified bitumen roofing along with replacement of an HVAC.

21. Pictures taken by MVFIC's engineer clearly shows hail and wind damage. Thus, MVFIC improperly denied Plaintiffs' roof claim and significantly undervalued the damages for those items it did deem were covered.

22. The named MVFIC and Mr. Greenhaw assigned to the claims, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

23. The named MVFIC's and Mr. Greenhaw's unreasonable investigation led to the undervaluing of a portion of the claim and complete denial of other portions of Plaintiffs' claim.

24. Moreover, MVFIC and Mr. Greenhaw performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

## IV. CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract (Defendant MVFIC)**

26. Defendant had a contract of insurance with Plaintiffs that called for the payment of damages sustained by wind and hail. Plaintiffs properly made a claim under the Policy for wind and hail damage. Subsequent thereto, Defendant breached the terms of the Policy by wrongfully denying and undervaluing the claim when there is clear evidence to the contrary.

27. Based on MVFIC's breach of the Policy, Plaintiffs sustained actual damages.

**B.   Prompt Payment of Claims Statute (Defendant MVFIC)**

28. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

29. Plaintiffs, therefore, in addition to Plaintiffs' claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.   Insurance Code Violations (All Defendants)**

30. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

31. Defendants violated § 541.060(a)(1) by misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue when Defendants claimed (1) that there was no hail damage sustained to the roof, (2) the 2 ½ inch diameter puncture found at the west end of the roof membrane was not caused by hail or windborne debris; (3) Mr. Greenhaw inspected the property and wrote an estimate based on his inspection; (4) the estimate of damage discovered was less than Plaintiffs' true value of damage. Plaintiffs reserve the right to amend

this section of its pleading as new evidence is discovered in this lawsuit.

32. Defendants violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. Defendant's failed to assign a knowledgeable and well-trained insurance adjuster to Plaintiffs' claims. Further, Defendants hired engineer found significant hail damage to the building of which he photographed. Defendants also acknowledged that hail fell at the location on March 23, 2016. Despite these findings, Defendants denied the claim and issued an estimate that was far below the actual value of Plaintiff's damages. Further, Mr. Greenhaw failed to inspect the property and issued an estimate without ever stepping foot onto the roof. Defendant also failed to reasonable explain to Plaintiffs why Mr. Greenhaw's second estimate was not considered covered under the Policy. Plaintiffs reserve the right to amend this section of its pleading as new evidence is discovered in this lawsuit.

33. Defendants violated § 541.060(a)(3) by failing to promptly provide Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. Defendants failed to fully explain why Mr. Greenhaw's second estimate of damages that included a roof replacement of 47.60 Squares of modified bitumen roof was not covered, and Defendant's Denial Letter containing mere conclusory statements did not adequately provide a reasonable explanation of its basis for denying the claim. Furthermore, Defendants have completely failed to explain how hail and wind can damage numerous collateral materials on the building but

not the roof.

34. Defendants' violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs. Defendants took over thirty days to affirm or deny coverage which is unreasonable, especially in light of the fact that Mr. Greenhaw didn't even go to the property to inspect.

35. Defendants violated § 541.060(a)(7) by refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim. Mr. Greenhaw, as stated above, failed to inspect the property. Defendants relied solely on its engineer who found hail damage at the property to many items of the building including the HVAC but failed to find damage to the roof. Mr. Greenhaw conducted no independent investigation to confirm or deny Mr. Tolson's opinions.

36. Defendants violated § 541.061(4) by failing to disclose a matter required by law to be disclosed when it failed to provide notice to Plaintiffs that the Policy included a cosmetic damage exclusion and what the meaning of that new term was in relation to the Policy.

37. There may be many other facts supporting each claim above that has been suppressed or undiscovered at this point in litigation. Thus, Plaintiff reserves the right to amend this section as more discovery is produced in this case.

**D.   DTPA Violations (MVFIC)**

38. At all times material hereto, Plaintiffs were consumers who purchased insurance products and services from MVFIC.

39. MVFIC has violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendant failed to disclose the fact that the Policy contained a cosmetic damage exclusion and failed to explain the significance of that provision which was known at the time of the transaction when such failure to disclose such information was intended to Plaintiffs into entering into the Policy and paying premiums that Plaintiffs would not have done otherwise if the cosmetic damage exclusion and its effects were known to Plaintiffs at the time;

(2) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

40. Defendants knowingly committed the acts complained of. As a result, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### E.   Breach of The Duty of Good Faith and Fair Dealing (All Defendants)

41. Defendants breached the common law duty of good faith and fair dealing owed

to Plaintiffs by: (1) failing to assign a well-trained insurance adjuster to handle Plaintiffs' claim, (2) failing to properly inspect the claim (in Mr. Greenhaw's case at all), (3) by misrepresenting material facts, such as Mr. Greenhaw basing his estimate off of his inspection of the building, (4) denying Plaintiffs' roof claim when it is clearly covered under the Policy, (5) undervaluing Plaintiffs damages that Defendant concluded were covered and (6) delaying payment on the Claim when Defendants knew or should have known liability was reasonably clear. Defendants are therefore liable to Plaintiffs.

**F.    Attorneys' Fees**

42.    Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

43.    Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

44.    Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred
in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

### V.    CONDITIONS PRECEDENT

45.    All conditions precedent to Plaintiffs' right to recover have been fully

performed, or have been waived by Defendants.

## VI. DEMAND FOR JURY

46. Plaintiffs herein request a trial by jury.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, it recover actual damages sustained from wind and hail damage, treble damages for Defendants' intentional acts and violation of the DTPA, extra-contractual damages for Defendants' insurance code violations and bad faith, and damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone: (817) 945-3061
Facsimile: (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*_____
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFFS**